IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Michael Fernandez, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER DENYING MOTION** |
| | ) | **TO VACATE SENTENCE** |
| vs. | ) | **UNDER 28 U.S.C. § 2255** |
| | ) | |
| United States of America, | ) | Criminal No. 3:07-cr-105 |
| | ) | Civil No. 3:09-cv-17 |
| Respondent. | ) | |

Before the Court is Petitioner Michael Fernandez's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docs. #31, #32).

## FACTUAL BACKGROUND

On October 31, 2007, a grand jury indicted Michael Fernandez on two counts related to possession and distribution of a controlled substance. Count One charged him with conspiracy to possess with intent to distribute and distribute a controlled substance in violation of 21 U.S.C. § 846. Count Two charged him with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Fernandez eventually reached a plea agreement with the United States and requested the matter be set on for a change of plea hearing. On February 20, 2008, he appeared before the Court and entered a plea of guilty to Counts One and Two of the indictment. Fernandez failed to appear for sentencing on May 7, 2008, was arrested several days later, and sentenced on May 12, 2008. At the sentencing hearing, the Court determined Fernandez's offense level to be 26, and found that Fernandez was no longer entitled to the 2-level downward adjustment for acceptance of responsibility, nor the 1-level downward adjustment for timely notification of a guilty plea, as

1

recommended in the plea agreement, after Fernandez failed to appear for his initial sentencing hearing. The Court also determined Fernandez was in criminal history category II, which yields a Guidelines range of 70-87 months, and sentenced him to 78 months of imprisonment and 4 years of supervised release.

Fernandez has now timely filed the instant pro se Motion to Vacate under 28 U.S.C. § 2255. In his motion, Fernandez argues three claims for relief which the Court will address below.

## **DISCUSSION**

Fernandez sets forth three claims for relief in his motion. The first is a claim of ineffective assistance of counsel. Claim two alleges an improper sentence under the wrong criminal history category, and claim three alleges an impermissibly applied enhancement of his sentence for failure to appear. Claims two and three set forth the facts on which he bases his ineffective assistance of counsel claim. Therefore, the Court will address the merits of claims two and three under the ineffective assistance of counsel umbrella.

In his plea agreement, Fernandez waived all rights to contest his conviction or sentence in any post-conviction proceeding, including a motion brought under 28 U.S.C. § 2255, "[e]xcept in the case of ineffective assistance of counsel." Plea Agreement ¶ 21. Since the plea agreement specifically reserves the right to file a § 2255 motion on the issue of ineffective assistance, the Court finds that Fernandez did not waive his right to raise these issues, to the extent they involve an ineffective assistance of counsel claim, and the Court must consider the merits of his arguments.

A petitioner moving for post-conviction relief on the grounds of ineffective assistance of counsel "faces a heavy burden." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). To show ineffective assistance of counsel, the petitioner must establish: (1) counsel's performance fell

below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense, which requires a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Williams v. Taylor, 529 U.S. 362, 363 (2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

A petitioner is entitled to an evidentiary hearing on his § 2255 petition unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007) (quoting 28 U.S.C. § 2255(b)). A district court does not err in dismissing a petitioner's motion under § 2255 without a hearing if: (1) the petitioner's allegations, accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts. Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006).

## I. Ineffective Assistance of Counsel for a Sentence Under the Wrong Criminal History Category

Fernandez claims ineffective assistance of counsel for failure to recognize a sentence under the wrong criminal history category. The Court sentenced Fernandez under criminal history category II for accruing two criminal history points according to § 4A1.1(c) of the U.S. Sentencing Guidelines.

On February 20, 2000, Fernandez pled guilty to use/under the influence of a controlled substance in Whittier, California. In his motion, Fernandez incorrectly classifies his use/under the influence of a controlled substance conviction as a misdemeanor public intoxication offense. Public intoxication and similar offenses are listed under § 4A1.2(c)(2) as prior offenses which are never counted in the criminal history calculation. However, Fernandez's conviction was for use/under the influence of a controlled substance, namely the possession of marijuana. Use/under the influence

3

of a controlled substance is not similar to public intoxication under § 4A1.2(c)(2). United States v. Martinez, 956 F.2d 891, 893 (9th Cir. 1992). "An individual's decision to use an illicit drug is more culpable and involves more criminal intent than an individual's overindulgence in what is typically meant by intoxication, namely alcohol, a non-controlled substance." United States v. Roy, 126 F.3d 953, 955 (7th Cir. 1997) (citing Martinez, 956 F.2d at 893). Therefore, the Court correctly considered his use/under the influence of a controlled substance conviction as a prior offense warranting a criminal history point. Thus, Fernandez's ineffective assistance of counsel claim is meritless because the Court properly sentenced him under a criminal history category of II. Since the Court calculated the correct criminal history category, Fernandez's counsel was not deficient, nor was Fernandez prejudiced, for failing to object to a correct criminal history category calculation.

The Court concludes that Fernandez was convicted of two prior offenses that each required one criminal history point, and thus sentenced him under Category II of the U.S. Sentencing Guidelines. For the foregoing reasons, Fernandez's claims for relief regarding an improper criminal history category computation, including the claim for ineffective assistance of counsel, are DENIED.

## II. Ineffective Assistance of Counsel for a Sentence Enhancement Resulting from a Failure to Appear

Fernandez further claims ineffective assistance of counsel for failure to address a sentence enhancement for failure to appear. In his plea agreement, the Government agreed to recommend a sentence at the low end of the Guidelines range, or the minimum mandatory, whichever was greater. Fernandez then failed to appear at his initial sentencing hearing on May 7, 2008. At his subsequent sentencing hearing on May 12, 2008, the Court sentenced Fernandez to 78 months imprisonment after considering Fernandez's obstruction of justice for failing to appear. See United States v. Wilson, 562 F.3d 965, 967 (8th Cir. 2009) (applying a two-level upward adjustment for obstruction

of justice resulting from defendant's failure to appear at a court-imposed hearing). Fernandez claims the Court should not have sentenced him to an additional 18 months for his failure to appear at his sentencing hearing.

An obstruction of justice charge carries a base level offense of 14. U.S. Sentencing Guidelines Manual § 2J1.2 (2008). An offense level of 14 with a criminal history category of II provides a Guidelines range of 18-24 months. Additionally, a court may impose a 2-level upward adjustment where a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct; or a closely related offense." U.S. Sentencing Guidelines Manual § 3C1.1 (2008); see also United States v. Young, 315 F.3d 911, 913 (8th Cir. 2003) (finding defendant's failure to appear at his sentencing hearing warranted a 2-level increase in his offense level for obstruction of justice).

However, at the sentencing hearing, the Court decided not to apply a 2-level upward adjustment for obstruction of justice in order to allow Fernandez a more favorable prison placement. In refraining from applying the 2-level upward adjustment, the Court kept the Guidelines range from increasing to a minimum of 87 months for an offense level of 28. However, the Court did add an 18 month sentence increase from the 60 month minimum mandatory sentence. The Court determined the 18 month sentence increase was appropriate because Fernandez failed to appear at his sentencing hearing. It is well established that the district court should consider the statutory factors under 18 U.S.C. § 3553(a), as well as the recommendations of the parties, in determining an appropriate sentence. Gall v. United States, 128 S. Ct. 586, 596 (2007); see also Rita v. United States, 551 U.S.

338, 358 (2007) (indicating a district court judge's statement of reasons for imposing a sentence within the Guidelines range for an obstruction of justice charge was legally sufficient even though it was brief).

The Court concluded Fernandez's base offense level was 26, with a criminal history category of II. Therefore, Fernandez's Guidelines range was between 70 and 87 months. The Court sentenced Fernandez to 78 months, a term within the Guidelines range, and determined the sentence to be appropriate after considering his failure to appear at the sentencing hearing. Thus, Fernandez's claim of ineffective assistance of counsel is meritless because the Court properly sentenced him under the U.S. Sentencing Guidelines. Since the Court imposed a sentence within the applicable Guidelines range, Fernandez's counsel was not deficient, nor was Fernandez prejudiced, for failing to address a proper sentence enhancement.

For all these reasons, Fernandez's claims for relief regarding a sentence enhancement for his failure to appear, including the claim of ineffective assistance of counsel, are DENIED. Because Fernandez is conclusively entitled to no relief based on the files and records of this case, no evidentiary hearing is warranted.

### DECISION

For all the foregoing reasons, Fernandez's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is **DENIED**. It is **ORDERED** that judgment is entered for the United States and against Petitioner Michael Fernandez, and that Fernandez's motion under 28 U.S.C. § 2255 is hereby **DISMISSED** with prejudice.

The Court finds that Fernandez has failed to make a substantial showing of the denial of a constitutional right, and the issues presented in this case are inadequate to deserve further

consideration. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Therefore, the Court will not issue a certificate of appealability. If Fernandez desires further review of his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

Dated this 1st day of July, 2009.

                                        /s/   Ralph R. Erickson
                                        Ralph R. Erickson, District Judge
                                        United States District Court